JUDGE CARTER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 0361

-----------------------------------------------------x

JAMEL VARGAS,

                 Plaintiff.

**COMPLAINT**

       -against-

**JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, DETECTIVE
ERIC ORTIZ Shield 03383 and
John Does 1-4

                Defendants.

JAN 16 2013

-----------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to 42 U.S.C. § 1983 and New York
   state law alleging civil rights violation by the City of New York and
   individuals employed by the New York City Police Department
   ("NYPD").  Plaintiff alleges that, on February 24, 2012, NYPD officers
   employed in the Narcotic Boro. Manhattan North Division subjected
   him to false arrest, imprisonment, an illegal strip search, and
   fabricated evidence in violation of the Fourth, Sixth and Fourteenth
   Amendments to the United States Constitution and New York State
   law.  Plaintiff seeks compensatory and punitive damages, declaratory
   relief, an award of attorney's fees and costs, and such other and
   further relief as the court deem just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth,
   Sixth and Fourteenth Amendments to the United States Constitution.

1

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

5. Plaintiff is a resident of the State of Pennsylvania. The events complained of occurred in New York City.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Detective Erick Ortiz Shield 03383 and John Does 1-4 are members of the NYPD's Narcotic Boro. Manhattan North Division who were involved in the arrest of plaintiff and responsible for the torts arising out of plaintiff's arrest. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## **STATEMENT OF FACTS**

8. On February 23, 2012, at approximately 6:20 A.M., at 1924 Second Avenue in Apartment 1F, in New York County, New York, several NYPD police officers, including Detective Erick Ortiz, of the Narcotic Boro. Manhattan North Division, executed a purported warrant at said place and time. The apartment was leased to Plaintiff's father, Diosdado Vargas, whom Plaintiff was visiting at the time.

9. On February 23, 2012, at approximately 6:20 A.M., Plaintiff was sleeping on the couch in the living room, when the front door was brought down and Defendant NYPD officer "rushed in", displaying NYPD shields and screaming "get down" "get down on the floor." NYPD police officers, including Detective Erick Ortiz, of the Narcotic Boro. Manhattan North Division, entered the apartment.

10.   After seizing plaintiff in the apartment, Defendant Erick Ortiz, Shield 03383, and other NYPD officers pushed plaintiff backwards, causing pain to plaintiff lower back.

11.   One of the officers then handcuffed plaintiff excessively tight causing marks on plaintiff's writs and interfering with plaintiff's circulation and escorted plaintiff out of the apartment, to the hall way. When questioned by NYPD, plaintiff attempted to explain he was a visitor, sleeping in the living room, and had absolutely no knowledge of any contraband.

3

12.    Plaintiff complained to the officers while in the hall way, that the
handcuffs were painfully tight, but the officers ignored his complaints
and claims of innocence.

13.    Officers brought plaintiff to a police van.

14.    One of the officers forcefully threw plaintiff into the police van
causing plaintiff to fall and hit his face on the floor of the van.

15.    Upon information and belief, NYPD police officers, including
Detective Erick Ortiz, of the Narcotic Boro. Manhattan North Division
recovered a control substances from a bedroom – which Plaintiff had
no access to or nexus too.

16.    Plaintiff was taken to the 25th Precinct for arrest processing.

17.    At the precinct Plaintiff was unlawfully strip searched, ordered to
squat, bend over and cough.

18.    Nothing illegal was found on Plaintiff's person.

19.    This strip search was illegal because Plaintiff had not committed a
crime; Erick Ortiz Shield 03383, lacked reasonable suspicion to
believe that plaintiff was in possession of illegal contraband, or that
plaintiff engaged in the possession of said control substances or had
any access to said control substances.

20.    Detective Erick Ortiz Shield 03383, with other NYPD police officers,
fabricated a story that Plaintiff had committed a crime and prepared
police reports stating such.

4

21.     Several hours after his arrival at the 25th Precinct, the police took

plaintiff at New York County Central Booking.

22.     Plaintiff was incarcerated in a cell that was filthy and filled with

garbage and excrement.

23.     While plaintiff was confined in Central Booking, Erick Ortiz Shield

03383, with other police officers, misrepresented to a prosecutor

employed by the New York City Special Narcotics Office that plaintiff

had committed a crime.  The aforesaid misrepresentations resulted in

false criminal charging being filed against Plaintiff.

24.     The New York City Special Narcotics Office filed a felony complaint

bearing number 2011NY015580 charging plaintiff with criminal

possession of a controlled substance in the third degree (N.Y.

P.L.§220.16(1)).

25.     On February 23, 2012, Plaintiff was arraigned on the felony

complaint bearing number 2012NY015580.  The court imposed a

$2,500.00 cash bail and required a "surety" hearing.  Plaintiff

remained incarcerated.

26.     On or about March 5th, 2012, a "surety" hearing was held.

Plaintiff's surety was approved; that day Plaintiff was later released on

bail and directed to return.

27.     On or about March 27, 2012, Plaintiff was arraigned on the

ensuing Indictment bearing number 904-N-2012 charging Plaintiff

5

was criminal possession of a controlled substance in the third degree

(P.L.§220.16(1)), to wit: heroin, with intent to sell.  Plaintiff's release

was continued on bail,  and directed to return on May 16, 2012.

Defense counsel was directed to submit defense motions by April 13,

2012.

28.    On May 16, 2012, in response to defense motions, the Supreme

Court of the State of New York criminal term, New York County,

(Stolz, J.) dismissed the indictment against Plaintiff for insufficient

evidence, finding the Plaintiff's mere presence in the apartment was

insufficient to establish constructive possession of the drugs found in

a bedroom. No appeal of that decision ensued.

29.    Plaintiff suffered damage as a result of defendants' actions.

Plaintiff suffered emotional distress, mental anguish, fear,

embarrassment, humiliation, discomfort, pain, bruising, and loss of

liberty.

## PLAINTIFF'S FEDERAL CLAIMS AGAINST  DETECTIVE  ERICK ORTIZ AND JOHN DOES 1-4

30.    Plaintiff repeats and re-alleges the allegations contained in ¶¶1-29

as if fully set forth herein.

31.    The conduct of Detective Erick Ortiz Shield 03383 and John Does

1-4, as described herein, amounted to false arrest, excessive force, an

illegal strip search, and fabrication of evidence in violation of 42

U.S.C. §1983 and the Fourth Sixth and Fourteenth Amendments to

the United States Constitution.

## PLAINTIFF'S STATE LAW CLAIMS AGAINST DETECTIVE ERIC ORTIZ AND JOHN DOES 1-4

32.   Plaintiff repeats and re-alleges the allegations contained in ¶¶1-31

as if fully set forth herein.

33.   The conduct of Detective Erick Ortiz Shield 03383 and John Does

1-4, as described herein, amounted to false arrest, assault, battery,

an illegal strip search, and fabrication of evidence in violation of New

York State law.

## PLAINTIFF'S FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

34.   Plaintiff repeats and re-alleges the allegations contained in ¶¶1-33

as if fully set forth herein.

35.   The City of New York directly caused the constitutional violations

suffered by Plaintiff.

36.   Upon information and belief, the City of New York, at all relevant

times herein, was aware from notices of claim, lawsuits, complaints filed

with the City, and from the City's own observations that officers

employed in the Narcotic Boro. Manhattan North Division are unfit and

who frequently commit the acts alleged herein. Nevertheless, the City of

New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

37.    The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S. C. §1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE CLAIMS AGAINST THE CITY OF NEW YORK

38.   Plaintiff repeats and re-alleges the allegations contained in ¶¶1-37 as if fully set forth herein.

39. A notice of claim was duly filed on the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has not settled plaintiff's state law claims.

40.   Because Detective Erick Ortiz Shield 03383 and John Does 1-4 were acting within the scope of their employment as members of the NYPD's Narcotic Boro. Manhattan North Division and who were involved in the arrest of plaintiff and the torts arising thereof, the City of New York is vicariously liable under state law for false arrest, false imprisonment, assault, battery, and an illegal strip search.

8

41.  Further, for the reasons stated in ¶36, the City is liable under state law for negligent training, supervision and retention of Detective Erick Ortiz Shield 03383 and John Does 1-4.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as this Court may deem just and

proper, including injunctive and declaratory relief.

Dated:    January 9th, 2013
          New York, N.Y.

MALDONADO & CRUZ, PLLC.

/s/

By Angel Cruz, Esq. (AC0790)
Attorneys for Plaintiff Jamal Vargas
61 Broadway – Suite 1030
New York, New York 10006
(646) 592-0657
(212) 269-7866 Fax
acruzesq@gmail.com

TO:    New York City Corporation Counsel
       100 Church Street
       New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

JAMEL VARGAS,

               Plaintiff.

                                       _____ CV. _____

       -against-

THE CITY OF NEW YORK, DETECTIVE
ERIC ORTIZ Shield 03383 and
John Does 1-4

               Defendants.

-----------------------------------------------------x

## COMPLAINT

*Attorney for* Plaintiff

### *MALDONADO & CRUZ, LLP*

*61 Broadway – Suite 1030*
*New York, New York 10006*
*Tel.: (646) 592-0657*
*By Angel Cruz, Esq. (AC0790)*

*Dated:* *January 9th , 2012*
       *New York, New York*

*Signature* _____
*Print Signer's Name: ANGEL CRUZ, Esq. (AC0790)*

TO:    New York City Corporation Counsel
        100 Church Street
        New York, New York 10007